

**FILED** 

JUN   4 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re                                    )  Case No. 10-30359-E-13
                                         )
ELIZABETH LUCHINI,                       )
                                         )
            Debtor.                      )
_____  )
                                         )
ELIZABETH LUCHINI,                       )  Adv. Proc. No. 13-2321
                                         )  Docket Control No. PLC-3
            Plaintiff,                   )
                                         )
v.                                       )
                                         )
JPMORGAN CHASE BANK, N.A.,               )
                                         )
            Defendant.                   )
_____  )

**MEMORANDUM OPINION AND DECISION
GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT
FOR THIRD CLAIM FOR RELIEF AND FOR ATTORNEYS' FEES
AND
DENYING WITHOUT PREJUDICE ALL OTHER RELIEF REQUESTED**

Plaintiff Elizabeth Luchini ("Plaintiff"), moves the court for
entry of a Default Judgment against JPMorgan Chase Bank N.A.
("Defendant"). Jurisdiction for this Adversary Proceeding exists
pursuant to 28 U.S.C. §§ 1334 and 157(a), and the referral of
bankruptcy cases and all related matters to the bankruptcy judges
in this District.  ED Cal. Gen Order 182, 223.  This Adversary
Proceeding is a core matter arising under Title 11, including

1  11 U.S.C. §§ 523(a).  28 U.S.C. § 157(b)(2)(I).

2  Service and Notice of the Motion were made as required by
3  Local Bankruptcy Rule 9014-1(f)(1).  Plaintiff provided 45 days
4  notice, with 28 days notice required.

5  Upon review of the Motion, Supporting Pleadings, and Files in
6  this Adversary Proceeding, the court grants the Motion with respect
7  to the Third Claim For Relief (Extinguishment of the Second Deed of
8  Trust Claim), Sixth Claim for Relief (Cal. Civ. Code § 2914), and
9  attorneys' fees and costs.  The court denies without prejudice the
10  Motion with respect to the First, Second, Fourth, Fifth, and
11  Seventh Claims for Relief.

12  **OVERVIEW OF PLAINTIFF'S BANKRUPTCY CASE**

13  Plaintiff owns real property commonly known as 1916 Devon
14  Avenue, West Sacramento, California ("Residence").  Plaintiff filed
15  her Chapter 13 bankruptcy case on April 21, 2010.[1]  As of the
16  filing, there were two liens that encumbered the Residence: (1) a
17  first Deed of Trust in favor of JPMorgan Chase Bank N.A. securing
18  an obligation the amount of $171,633.00 (Exhibit B, Dckt. No. 26),
19  and a Second Deed of Trust in favor of JPMorgan Chase Bank N.A.
20  securing a obligation in the amount of $43,640.14 ("Defendant's
21  Secured Claim").  On July 2, 2010, this court determined pursuant
22  to 11 U.S.C. § 506(a) that Defendant's Secured Claim (the secured
23  portion of the obligation secured by the Second Deed of Trust) had
24  a value of $0.00, with the balance of its claim to be a general
25  unsecured claim for any bankruptcy plan.[2]

26  

27  [1]  Bankr. E.D. Cal. 10-30359 ("Bankr Case").

28  [2]  Bankr Case Dckt. 22.

2

Plaintiff confirmed her Chapter 13 Plan which provided for the Defendant's Secured Claim in Class 2 of the Plan.[3]  No appeal was taken from the Order Confirming the Chapter 13 Plan and Order determining the $0.00 value of Defendant's Secured Claim.   Those orders are final orders, not subject to collateral attack.   The order confirms the Plan providing for Defendant's Secured Claim and the Order determining the value of that claim are *res judicata* as to all justiciable issues decided by confirmation and the valuation of the Defendant's Secured Claim.   The Plan is binding on the Debtors and all creditors.  11 U.S.C. § 1327(a); *Espinosa v. United Student Aid*, 559 U.S. 260, 270 (2010); *Finova Capital Corp. v. Larson Pharmacy Inc. (In re Optical Technologies, Inc.)*, 425 F.3d 1294, 1030-1032 (11th Cir. 2011);   Ford *Motor Credit Co. v. Bankruptcy Estate of Parmenter (In re Parmenter)*, 527 F.3d 606, 608-609 (6th Cir. 2008); and *Trulis v. Barton et al*, 107 F.3d 685, 691 (9th Cir. 1995).

Plaintiff completed her Chapter 13 Plan and was granted a discharge on November 4, 2013.  In completing her Chapter 13 Plan, Plaintiff has fulfilled all of her obligations under the Plan which binds Plaintiff and the creditors (including Defendant).

In the Complaint Plaintiff alleges that the Defendant refused to reconvey the Second Deed of Trust recorded against the Residence after she completed the Chapter 13 plan, received her bankruptcy discharge, and made demand for the Second Deed of Trust to be reconveyed.   The failure of Defendant to act forced Plaintiff to

---

[3]   *Id.*, Chapter 13 Plan, Dckt. 6; Order Confirming Chapter 13 Plan and Order Determining Value of Secured Claim filed July 2, 2010, Dckt. 22.

3

1    commence this Adversary Proceeding to clear record title for the
2    Residence of the Second Deed of Trust.

3         Plaintiff served on Defendant a Re-Issued Summons and the
4    Complaint on December 18, 2013.[4]  Defendant did not respond to the
5    Summons and Complaint, resulting in Plaintiff requesting the entry
6    of Defendant's default.  On February 12, 2014, the Clerk of the
7    Bankruptcy Court entered the default of Defendant JPMorgan Chase
8    Bank, N.A. in this matter.

9         Plaintiff reports that in preparing the Motion for Entry of
10   Default Judgment her counsel discovered that a reconveyance of the
11   Second Deed of Trust occurred on December 17, 2013.[5]   Counsel
12   testifies that Defendant never contacted Counsel or the Plaintiff
13   to notify them of the reconveyance and no copy of the reconveyance
14   was provided to the Plaintiff or Counsel.   The reconveyance
15   document presented as Exhibit G has a Palm Harbor, Florida return
16   document address for Defendant, not a return address for Plaintiff.

17

18        [4]  A review of the Certificate of Service for the Original
     Summons and Complaint and the Certificate of Service for the Reissued
19   Summons and Complaint provide an indication why Defendant received
     "double service" of the pleadings.  Though the Original Summons and
20   Complaint were served by certified mail on Defendant and Defendant's
     agent for service of process at addresses sufficient for Federal Rule
21   of Bankruptcy Procedure 7004(h), the service was not addressed to
     either a specific officer or an "officer for service of process."
22   Certificate of Service, Dckt. 6.  The Reissued Summons and Complaint
     were served on the same addresses and Defendant's agent for service of
23   process.  The difference is that the service to Defendant's Columbus,
     Ohio address is specifically directed to "James Dimon, Chief Executive
24   Officer."  Certificate of Service, Dckt. 10.  There is nothing to
     indicate in the record that, while the Original Service made on
25   October 23, 2013 (Dckt. 6) may not have complied with Federal Rule of
     Bankruptcy Procedure 7004(h) since it was not directed to an
26   "officer," Defendant did not have actual notice that it had not
     reconveyed the Second Deed of Trust as required by contract and
27   statute.

28        [5]  Declaration ¶ 12, Dckt. 24; Exhibit G, Dckt. No. 26.

                                    4

The evidence presented shows that the December 17, 2013 recording was made substantially after the Complaint in this Adversary Proceeding had been filed and originally served.    The Order approving the Chapter 13 Trustee's Final Report, discharging the Chapter 13 Trustee, and documenting that the Chapter 13 Plan had been completed, was filed on October 16, 2013.    Notice that the Chapter 13 Plan was completed and that the court was entering the discharge was filed on October 17, 2013 and served on October 19, 2013.[6]

## ENTRY OF DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55 and Federal Rule of Bankruptcy Procedure 7055 govern default judgments. *In re McGee*, 359 B.R. 764, 770 (B.A.P. 9th Cir. 2006). Obtaining a default judgment is a two-step process which requires: (1) entry of the defendant's default, and (2) entry of a default judgment. *Id.* at 770.

Even when a party has defaulted and all procedural requirements for a default judgment are satisfied, a claimant is not entitled to a default judgment as a matter of right. 10 Moore's Federal Practice - Civil ¶ 55.31 (Daniel R. Coquillette & Gregory P. Joseph eds. 3rd ed.). Entry of a default judgment is within the discretion of the court. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Default judgments are not favored, as the judicial process prefers determining cases on their merits whenever reasonably possible.    *Id.* at 1472.    Factors which the

---

[6] Bankr. Case Order Approving Final Report, Notice of Intent to Enter Chapter 13 Discharge, and BNC Certificate of Service; Dckts. 57, 58, and 59, respectively.

5

court may consider in exercising its discretion include:

      (1)   the possibility of prejudice to the plaintiff,

      (2)   the merits of plaintiff's substantive claim,

      (3)   the sufficiency of the complaint,

      (4)   the sum of money at stake in the action,

      (5)   the possibility of a dispute concerning material facts,

      (6)   whether the default was due to excusable neglect, and

      (7)   the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72 (citing 6 Moore's Federal Practice - Civil ¶ 55-05[s], at 55-24 to 55-26 (Daniel R. Coquillette & Gregory P. Joseph eds. 3rd ed.)).; *In re Kubick*, 171 B.R. at 661-662.

    In fact, before entering a default judgment the court has an independent duty to determine the sufficiency of Plaintiff's claim. *Id.* at 662. Entry of a default establishes well-pleaded allegations as admitted, but factual allegations that are unsupported by exhibits are not well pled and cannot support a claim. *In re McGee,* 359 B.R. at 774. Thus, a court may refuse to enter default judgment if plaintiff did not offer evidence in support of the allegations. *See id.* at 775.

### CONSIDERATION OF EACH CLAIM FOR RELIEF

    The court considers each Claim for Relief stated in the Complaint, the evidence presented, and whether Plaintiff has established the right to such relief. In ruling on this Motion, the court has been presented with issues concerning whether claims for relief have been pleaded by the Plaintiff, and if so, whether sufficient, credible evidence has been presented to support granting the relief requested. The court begins with a brief

discussion of the minimum pleading requirements in federal court, which are applicable to all of the Claims for Relief stated in the Complaint.

Proper pleading of a claim in federal court for bankruptcy proceedings is governed by Federal Rule of Civil Procedure 8(a) and Federal Rule of Bankruptcy Procedure 7008(a). The basic requirement is stated as,

> (a) Claim For Relief. A pleading that states a claim for relief must contain;
> . . .
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(2), (3); Fed. R. Bankr. P. 7008(a).

These general pleading requirements for a complaint in federal court were addressed by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and restated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In discussing the minimum pleading requirement for a complaint (which only requires a "short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 7(a)(2)), the Supreme Court reaffirmed that more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" is required. *Iqbal*, 556 U.S. at 678-679. Further, a pleading which offers mere "labels and conclusions" of a "formulaic recitations of the elements of a cause of action" are insufficient. *Id.* A complaint must contain sufficient factual matter, if accepted as true, "to state a claim to relief that is plausible on its face." *Id.* It need not be probable that the plaintiff will prevail, but that there are

7

1    sufficient grounds a plausible claim has been pleaded by the party.

### First Claim for Relief: Ratification of Prior
### Order Valuing Defendant's Secured Claim

4    Plaintiff first seeks to have the Court "ratify" the value of
5    the Residence which was determined as part of the court's final
6    order determining the value of Defendant's Secured Claim to be
7    $0.00.  The court reads this First Claim for Relief to request that
8    the court issue a judgment reaffirming that prior final order and
9    supporting findings of fact valuing the Residence in determining
10   that Defendant's Secured Claim has a value of $0.00 are valid.

11   The court having already determined Defendant's Secured Claim
12   to have a value of $0.00, no reason exists to issue a judgment
13   stating that the court's prior findings of fact are "affirmed."
14   That prior order and the findings of fact thereunder are not
15   subject to attack or dispute.  The findings and that final order
16   stand,  are  enforceable,  and  binding  on  the  parties.    No
17   "reaffirming" is required.  No case or controversy with respect to
18   the findings and order has been shown or exists, and no basis
19   exists for granting such relief.  U.S. Constitution, Article III,
20   Section 2.

21   The requested relief on the First Claim for Relief is not
22   warranted and the Motion requesting such relief is denied.

### Second Claim for Relief: Determination of The
### Extent of the Second Trust Deed Claim

25   Plaintiff requests that pursuant to 11 U.S.C § 506(a) and
26   Federal Rule of Bankruptcy Procedure § 3012 the Court "[r]atify
27   the nature and extent of the Second Deed of Trust on the (Real)
28   Property as determined...by Order on July 2, 2010, of zero as

8

stated in the order attached as Exhibit B."[7]  This appears to be a rehash of the First Claim for Relief, with a slight twist by focusing on the Second Deed of Trust, not the claim.

The court first notes that the requested relief, that the nature and extent of the Second Deed of Trust is "zero," misstates the court's prior order.  The court determined that the value of the "secured claim" is $0.00, not that the Second Deed of Trust is "zero."  A deed of trust is an interest in real property to secure an obligation, and is not the debt.[8]  *Monterey S.P. Partnership v. W. L. Bankgham, Inc.*, 49 Cal. 3d 454, 460 (1989); *Bank of Italy National Trust and Savings Association v. Bentley*, 271 Cal. 644 (1933).  An interest in real property is not, and does not, become "zero."

The court has already issued a final order determining that Defendant's Secured Claim has a value of $0.00.  There has been no ruling that "[t]he nature and exent of the SECOND TRUST DEED on the (Real) Property...of zero as stated in the attached order..."[9]

The Motion requesting entry of a default judgment on the Second Claim for Relief is denied.

### Third Claim for Relief: Extinguishment
### of the Second Trust Deed Claim

Plaintiff has completed her Chapter 13 Plan and requested that the Defendant reconvey the Second Deed of Trust.  Evidence has been

---

[7]  Complaint, ¶ 12

[8]  In some situations the deed of trust may create obligations, which themselves are secured by the deed of trust.  These commonly include obligations to pay property taxes, not use the property for illegal purposes, and not to commit waste.

[9]  Complaint, ¶ 10.

9

presented that Defendant called the Plaintiff's Counsel on October 21, 2013, and advised Counsel that Defendant would not discuss it with Plaintiff's bankruptcy attorney of record (the same person as Counsel for Plaintiff) without separate written authorization from the Plaintiff.   Defendant did not provide Plaintiff with, or notification that the reconveyance of the Second Deed of Trust would be recorded and the lien thereunder released.

Plaintiff now requests judgment from the court to extinguish the second deed of trust legally described as:

> The real property in the City of West Sacramento, County of Yolo, State of California, described as:
>
> Lot 104, Arlington Oaks Unit 2, in the City of West Sacramento, County of Yolo, State of California, as on the Map filed April 30, 1953 in Book 4, Page(s) 57 and 58 of Maps, in the Office of the County Recorder of said County.
>
> APN: 045-051-08-01 20.

As documented by the Trustee's Final Report and Account in the Plaintiff's bankruptcy case, Plaintiff's Chapter 13 Plan was confirmed on July 2, 2010, and completed on May 22, 2013.   The Plaintiff received her discharge on November 4, 2013.[10]

Plaintiff has properly stated a claim for, and presented evidence in support of the Motion for Entry of Default Judgment. Plaintiff is entitled to the full reconveyance of the Second Deed of Trust and to have title free and clear of such encumbrance. This court has previously addressed in detail the basis under California state law, standard note and deed of trust contractual law, and bankruptcy law for a deed of trust being void upon the

---

[10]   Bankr. Case, Dckts. 53 and 60, respectively.

10

1  completion of a Chapter 13 Plan which provides for payment of the
2  11 U.S.C. § 506(a) determined secured claim value.    Upon
3  completion of such a plan, the creditor is required (contractually
4  and statutorily) to reconvey the deed of trust to clear record
5  title of the void deed of trust. *In re Frazier*, 448 B.R. 803
6  (Bankr. ED Cal. 2011), *affd.*, 469 B.R. 803 (ED Cal. 2012); *Martin*
7  *v. CitiFinancial Services, Inc. (In re Martin)*, 491 B.R. 122
8  (Bankr. E.D. CA 2013).

9      Upon completion of the Chapter 13 Plan and its terms becoming
10  the final, modified contract between the Plaintiff, Defendant, and
11  other creditors, there remains no obligation which is secured by
12  the Second Deed of Trust.    As a matter of California law, the
13  Second Deed of Trust is void.    The lien is also rendered void by
14  operation of 11 U.S.C. § 506(d) upon completion of the Chapter 13
15  Plan.[11]

16      In addition, California Civil Code § 2941(b)(1) imposes a
17  statutory obligation on Defendant, as the beneficiary under the
18  Second Deed of Trust, to reconvey that deed of trust when the
19  secured obligation has been satisfied.    The Chapter 13 Plan having
20  been completed and Defendant having been paid the full amount of
21  the secured claim as determined pursuant to 11 U.S.C. § 506(a), the
22  Defendant's Secured Claim has been satisfied and there remains no
23  obligation secured by the Second Deed of Trust.

---

25  [11]   WITKIN SUMMARY OF CALIFORNIA 9 LAW, TENTH EDITION, § 117,
    citing California Civil Code § 2939 et seq.; Rest.3d, Property
26  (Mortgages) § 6.4; 4 Powell § 37.33; C.E.B., 2 Mortgage and Deed
    of Trust Practice 3d, § 8.84; and 13 Am.Jur. Legal Forms 2d,
27  § 179:511.    See *Martin v. CitiFinancial Services, Inc. (In re Martin)*,
    491 B.R. 122 (Bankr. E.D. CA 2013), for discussion of 11 U.S.C.
    § 506(d) application in this situation.

Plaintiff directs the court to the Second Deed of Trust, and not any specific portion thereof, as grounds for the relief requested.  The court, reading through the Second Deed of Trust, has identified  Paragraph 23 which is titled "Reconveyance."  It provides that upon payment of all sums secured by the Second Deed of Trust, Defendant shall have the interests under the Second Deed of Trust Reconveyed.  This is a contractual obligation to reconvey the Second Deed of Trust now that the Chapter 13 Plan has been completed.

The Plaintiff is entitled to a determination that the Second Deed of Trust is void and of no force and effect.  The court shall issue a judgment that the Second Deed of Trust is null and void, and of no force and effect, with respect to the following property:

> The real property in the City of West Sacramento, County of Yolo, State of California, described as:
>
> Lot 104, Arlington Oaks Unit 2, in the City of West Sacramento, County of Yolo, State of California, as on the Map filed April 30, 1953 in Book 4, Page(s) 57 and 58 of Maps, in the Office of the County Recorder of said County.
>
> APN: 045-051-08-01 20

### Fourth Claim for Relief: Violation of Rosenthal Fair Debt Collection Practices Act

Plaintiff alleges that Defendant has violated the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA").  The collection of debts incurred primarily for personal, family, or household use, are subject to both federal and state statutes regulating collection practices – principally the Federal Fair Debt Collection Practices Act (15 U.S.C. §§ 1692-1692o) and the California Fair Debt Collection Practices Act (Rosenthal Fair Debt

Collection Practices Act, California Civil Code §§ 1788-1788.32).[12] The Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") is California's version of the Fair Debt Collection Practices Act ("FDCPA"), which pre-dated the FDCPA and now incorporates by reference specific FDCPA's requirements and remedies.[13]

The FDCPA and the state Rosenthal Act differ in one key respect: the Rosenthal Act provides broader protection for consumers than the federal law.  The FDCPA applies to any person or employee collecting consumer debt – not merely third-party debt collectors.[14]  Thus, a creditor might be exempt from the FDCPA, but subject to the Rosenthal Act, which imposes exactly the same limitations and restrictions as the FDCPA.[15]

Plaintiff contends that Defendant is a debt collector under the Rosenthal Act who is attempting to collect a consumer debt. Plaintiff asserts Defendant's Secured Claim is a "debt" under the Rosenthal Act, constituting a "consumer credit transaction" as defined in California Civil Code §§ 1788.2 (d), (e) and (f).

However, Plaintiff also alleges that the debt at issue is "attempting to be collected by Specialized Loan Servicing ['Specialized']," which is not named as a defendant in the

[12]  1-1 MB Practice Guide: CA Debt Collection 1.17.

[13]  *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012); Cal. Civ. § 1788.17.

[14]  Cal. Civ. § 1788.2(a)(c), (b), (f), and (e); and 15 U.S.C. § 1692a(6), California and Federal definitions of "debt collector" subject to the collection laws.

[15]  *Pirouzian v. SLM Corp.*, 396 F Supp2d 1124, 1131 (S.D. Cal. 2005) ("By enlarging the pool of entities who can be sued, the [Rosenthal Act] merely affords a separate state remedy, which grants protection beyond what is provided by the FDCPA.")

1  Complaint or served with the Summons, Reissued Summons, or
2  Complaint.[16]

3      Plaintiff offers no evidence that JPMorgan Chase Bank, N.A.,
4  has been collecting or attempting to collect a debt. Moreover,
5  Plaintiff acknowledges that another company has been servicing the
6  loan secured by the second Deed of Trust on Plaintiff's property.
7  The Complaint fails to set forth a short and plain statement of the
8  claim showing that Plaintiff is entitled to the requested relief.

9      The lack of evidence supporting Plaintiff's contentions is
10  particularly conspicuous. Plaintiff offers no declarations or
11  documents of any conduct by Defendant in violation of the Rosenthal
12  Act. The limited evidence presented is that Defendant has failed
13  to take action with respect to reconveying the Second Deed of Trust
14  and then communicating the December 2013 reconveyance to Plaintiff
15  and Plaintiff's Counsel.

16      Plaintiff has not sufficiently pleaded a claim against
17  Defendant for a violation of the Rosenthal Act. Further, to the
18  extent that Plaintiff argues a claim has been properly pleaded
19  (Fed. R. Evid. 8(a)(2), Fed. R. Bank. P. 7008), Plaintiff has
20  failed to provide sufficient, credible evidence of any violation by
21  Defendant.

22      The Motion requesting entry of a default judgment on the
23  Fourth Claim for Relief is denied.

24  ///
25  ///
26  ///

27

28      [16]  Certificates of Service, Dckts. 6, 10.

14

**Fifth Claim for Relief: Violation of Plaintiff's**
**California Constitutional Right of Privacy**

Plaintiff alleges that her California constitutionally protected right of privacy was invaded when Defendant continued to "contact and harass" Plaintiff. The California Supreme Court in *Hill v. National Collegiate Athletic Assn.*, 865 P. 2d 633 (1994) articulated a private cause of action against a business for violating a Californian's right of privacy. Plaintiff argues that Defendant is still contacting Plaintiff and demanding payment on a discharged loan, despite the Plaintiff having obtained a stay under 11 U.S.C. §362 and a discharge injunction under 11 U.S.C. §524.

The California Supreme Court in *Hill* held that the elements of a private cause of action for invasion of the state constitutional right of privacy are:

> (1) A legally protected privacy interest which consists of either "informational privacy" or "autonomy privacy." "Informational privacy" is an interest which precludes the dissemination or misuse of sensitive and confidential information. "Autonomy privacy" is an interest in making intimate personal decisions or conducting personal activities without observation, intrusion, or interference.
>
> (2) A reasonable expectation of privacy. Consent, customs, social practices, and physical settings can create or inhibit a reasonable expectation of privacy. This is an objective entitlement founded on "broadly based and widely accepted community norms."
>
> (3) A serious invasion of the privacy interest. Not every invasion is a legal wrong. The invasion must be "sufficiently serious" to constitute "an egregious breach of the social norms underlying the privacy right."

With respect to this Claim for Relief, a number of reported cases have dismissed a claim for invasion of the California constitutional right of privacy on the ground that the behavior was not highly offensive and/or that the alleged injury was not

1   serious. 1 Rights of Publicity and Privacy § 6:19 (2d ed).   *See*
2   *e.g. Ruiz v. Gap, Inc., 540 F. Supp.* 2d 1121, 1128 (N.D. Cal.
3   2008), aff'd, 380 Fed. Appx. 689 (9th Cir. 2010) (Theft of a retail
4   store's laptop containing social security numbers of job applicants
5   did not constitute an egregious breach of privacy in violation of
6   the California constitutional right to privacy.   "The only harm
7   Ruiz alleges in his Complaint is that, as a result of the laptop
8   thefts, he is now at an increased risk of identity theft.");
9   *Folgelstrom v. Lamps Plus, Inc.*, 195 Cal. App. 4th 986, 992,
10  125 Cal. Rptr. 3d 260 (2d Dist. 2011), as modified, (June 7, 2011)
11  (Plaintiff had neither a constitutional privacy claim nor a common
12  law privacy claim because any privacy interest in his home address
13  to prevent receiving unwanted mailed marketing materials from a
14  company plaintiff bought a product from was not a "serious"
15  invasion of privacy, but rather was "routine commercial
16  behavior.").

17      Plaintiff's conclusory statements in the Complaint do not
18  constitute a "short and plain statement of the claim showing that
19  [Plaintiff] is entitled to relief" against Defendant on the Fourth
20  Claim for Relief.  Plaintiff does not allege, and has not provided
21  credible evidence, that she has an informational or autonomy
22  privacy right which has been violated in the alleged interactions
23  with the Defendant.  Plaintiff merely alleges in the Complaint that
24  Defendant's failure to reconvey the Second Deed of Trust has
25  violated her California constitutional right of privacy.   Though
26  there is the vague, non-specific allegation that Defendant is
27  "repeatedly calling" and "sending notices" to Plaintiff after
28  discharge, no evidence of such calls or notices has been provided.

16

1  At best, the Complaint is merely "stock language" of conclusions,
2  upon which Plaintiff demands "pay me."

3       Plaintiff's allegations are lacking the basic elements of the
4  "Five Ws" – a formula inculcated in grade school students and
5  apprentice news reporters to identify "who, what, where, when, and
6  why" in providing a complete picture of a situation.  Plaintiff
7  fails to allege any specific facts or provide evidence of conduct
8  by Defendant asserted to violation the California constitutional
9  right of privacy.  Plaintiff provides no evidence with respect to
10 the general allegation that "numerous calls were made" as to who
11 made these calls, when they were made, the number of calls, the
12 subject matter of the calls, and the effect of the calls.

13      Plaintiff concludes that "calling by telephone is no different
14 than the Defendants coming to their door and banging on it."
15 Plaintiff does not provide any legal authority for the proposition
16 that a phone call is the same as someone banging on the door.
17 Nothing is presented (or even alleged) regarding (1) how often
18 Plaintiff was called, (2) who called, (3) time the calls were made,
19 (4) dates the calls were made, (5) subject matters of the calls,
20 (6) responses to the calls, (7) impact of the calls on the
21 Plaintiff, (8) requests to cease such communications, and (9) where
22 the calls were received (home, place of employment, neighbors'
23 residence).

24      Not having offered sufficient factual allegations and not
25 providing the court with credible evidence that Plaintiff's
26 California constitutional right to privacy has been violated by the
27 Defendant, the Motion for entry of default judgment on the Fifth
28 Claim for Relief is denied.

17

1

2

**Sixth Claim for Relief: Violation of**
**California Civil Code Section 2941(d)**

3       Plaintiff states that she executed and delivered to Washington

4   Mutual, as beneficiary, a certain trust deed recorded in Yolo

5   County, California, on August 27, 2007 as Doc # 2007-003027823, and

6   covering the property.   Defendant is the successor in interest to

7   the Note and Second Deed of Trust, and is the creditor asserting

8   the secured and unsecured claim thereunder in this case.[17]   Upon

9   completion of the Chapter 13 Plan and entry of her bankruptcy

10  discharge, demanded that Defendant reconvey the Second Deed of

11  Trust.[18]   Plaintiff states that Defendant failed and refused to

12  reconvey the Second Deed of Trust.

13      Plaintiff having completed the Chapter 13 Plan, the Second

14  Deed of Trust is void (the 11 U.S.C. § 506(a) secured claim value

15  having been paid in full) and Plaintiff is entitled to have the

16  Second Deed of Trust reconveyed by Defendant.   Plaintiff provides

17  evidence that Defendant did not return the original note marked

18  paid, reconveyed or instructed the reconveyance by the trustee

19  thereunder of the Second Deed of Trust, and any other necessary

20  documents required under California Civil Code § 2941 within

21  30 days of the notice that the Chapter 13 Plan was completed.

22      The Bankruptcy Court Notice documenting the Chapter 13 Plan

23  had been completed was served by the Clerk of the Court on

24  October 19, 2013.   Adding three days for service by mail (Fed. R.

25

26      [17]  Defendant filed Proof of Claim No. 5 in Plaintiff's bankruptcy
    case, to which is attached the Washington Mutual Note and the Second
27  Deed of Trust.

28      [18]  The Demand for Reconveyance is provided as Exhibit C to the
    Complaint, Dckt. 1.

18

Bank. P. 9007(f), if applicable), Defendant had notice as of October 22, 2013, that the Chapter 13 Plan was completed and all of the rights and obligations provided for in the Plan were permanently fixed.

California Civil Code § 2941(b)(1) requires that within 30 days of the obligation secured by a deed of trust having been satisfied, the beneficiary [Defendant] shall deliver to the trustee under the deed of trust an executed request for reconveyance and supporting documents. The trustee under the deed of trust then has 21 days from receipt of the request for reconveyance to reconvey the deed of trust. Cal. Civ. § 2941(b)(1)(A). The trustee under the deed of trust, not the beneficiary, is responsible for providing a copy of the reconveyance to the owner of the property — here the Plaintiff. Cal. Civ. § 2941(b)(1)(B)(ii).

From the facts presented to this court, the thirty day period from after October 22, 2013, for Defendant to provide a request for reconveyance to the trustee under the Second Deed of Trust expired on November 21, 2013. Then, the twenty-one day period 21 for the trustee under the Second Deed of Trust to record the reconveyance expired on December 12, 2013.[19]

Defendant has elected not to appear in connection with the present Motion, and has not provided any evidence relating to its conduct and the relief requested. The reconveyance was recorded on

---

[19]  The term "cause to be recorded" with respect to a deed of trust for California Civil Code § 2941 is statutorily defined to include sending the reconveyance and all required fees to the county recorder's office. Cal. Civ. § 2941(c).

December 17, 2013.[20]  That is more than the maximum combined thirty day request for reconveyance and twenty-one day recording of reconveyance periods.  Even taking into account that "recording" can include depositing for delivery by a service which tracks delivery (such as USPS Certified mail, UPS, Federal Express services), the December 17, 2013 recording is outside what this court concludes, based on the evidence presented, the time period permitted under California Civil Code § 2924(b).  The court infers from the evidence presented that Defendant failed to timely instruct the trustee to issue the reconveyance.[21]

California Civil Code § 2941(d) provides that a violation of the Civil Code 2941 requirement makes the violator liable to the Plaintiff for all damages sustained by reason of the violation, and additionally shall (not may) pay the Plaintiff $500.00 in statutory damages.

Plaintiff has not alleged, and did not provide any evidence of any damages sustained by the violation.  Plaintiff has demanded, and provided evidence to support the award of the mandatory $500.00 in statutory damages.

In addition, Plaintiff requests that the court award her the attorneys' fees for litigating this Adversary Proceeding as part of

---

[20]  Exhibit G, Dckt. 26; Reconveyance of Second Deed of Trust, bearing Yolo County, California Recorder's Stamp with December 17, 2013 recording date.

[21]  Though it might have been possible for Defendant to construct an argument or explanation that Defendant (and possibly the trustee) might have just squeaked under the filing deadline, it is not for the court to construct, develop, prosecute, and then rule such arguments for one of the parties.  Defendant, having made the conscious decision not to not respond to the Complaint or the present Motion, it cannot be heard to complain that the court did not correctly develop and argue Defendant's position.

her actual damages.  Clearly, California Civil Code § 2941(d) does not grant a statutory right attorneys' fees for § 2941 litigation with the creditor.  The California Legislature knows how to, and has created such statutory attorneys' fees provisions – including California Civil Code §§ 1785.31(a)(1) [Consumer Credit Reporting Agencies Act], 1788.30(c) [Rosenthal Act],1780(e) [Consumers Legal Remedies Act], and 1811.1 [Unruh Act].  No basis has been shown for the award of the attorneys' fees for Plaintiff prosecuting this Complaint.

Based on the evidence presented supporting Plaintiff's claim, the court grants the motion, awards the $500.00 damages imposed by California Civil Code § 2924(d) to be paid by Defendant, and shall enter judgment thereon.

## Seventh Claim for Relief: Violation of the Fair Credit Reporting Act

Plaintiff alleges that the Defendant is reporting (unspecified) "derogatory information" about Plaintiff to one or more consumer reporting agencies (credit bureaus) as defined by 15 U.S.C. § 1681a.  Plaintiff alleges that she has a copy of their credit report and that she has determined that the credit report has "derogatory information" which has been reported by Defendant to the consumer reporting agencies.

Plaintiff further asserts that Defendant has not removed the "derogatory information" and has not provided notice of this disputed matter to the credit reporting agencies.  Plaintiff asserts that this is a violation of 15 U.S.C. § 1681s-2, the Federal Fair Credit Reporting Act ("FCRA").  It is further alleged that Defendant did not complete an investigation of Plaintiff's

written dispute and provide the results of an investigation to Plaintiff within the thirty day period as required by 15 U.S.C. § 1681s-2.

The FCRA imposes a duty on furnishers of information to a consumer reporting agency to provide accurate information, and bars such agencies from reporting information if they have actual knowledge, after receipt of notice and confirmation of such errors, or that have reasonable cause to believe that the information being reported is inaccurate.   15 U.S.C. § 1681(a).   Consumer credit reporting agencies have an affirmative duty to correct and update information, and furnishers of information must notify agencies of any information that may not be complete or accurate, of closed accounts, delinquent accounts, and disputed information.

In the instant Adversary Complaint, Plaintiff has not alleged what "derogatory information" was provided by Defendant and is being reported by a consumer reporting agency.   Other than citing statutory provisions and saying that Defendant has violated them, there is no statement of sufficient factual matter, if accepted as true, to state a claim to relief that is plausible on its face.[22]

Plaintiff has offered no credible evidence in support of the naked assertions that Defendant has violated the FCRA.   No copies of or quotations from the offending reports are provided. Plaintiff does not present evidence of Defendant providing false or unverified information to consumer reporting agencies concerning the debt owed to Defendant.   Plaintiff alleges that Defendant has

---

[22] *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed *supra* concerning the requested attorneys' fees, which discussing is equally applicable to all the claims stated in the Complaint.

"not provided notice of this disputed matter to the credit bureaus and is therefore in violation of 15 U.S.C. § 1681s-2," but does not provide any factual detail or evidence in support of a bald allegation that "Defendant broke the law."

Plaintiff simply states that she seeks a judgment against Defendant for willful noncompliance of the Fair Credit Reporting Act and requests statutory remedies as defined by 15 U.S.C. § 1681. This is based on Plaintiff having determined that such violations occurred and that Plaintiff having determined that she is entitled to damages.  To grant the relief requested, this court would be relegated to be nothing more than the Plaintiff's rubber stamp – signing a judgment merely because the Plaintiff instructed to court to do so.

No claim having been sufficiently pleaded (Fed. R. Evid. 8, Fed. R. Bankr. P. 7008) and there being no credible evidence to support a determination that a violation of the FDCPA occurred, the court denies the Motion for default judgment for the Seventh Claim for Relief.

### Award of Attorneys' Fees

Plaintiff requests an award of attorneys' fees.  This claim for relief is not pleaded as a separate cause of action or claim in the Complaint.  The requirements for stating a claim for attorneys' fees in Bankruptcy Court are set out by Federal Rule of Bankruptcy Procedure 7008(b), which provides that

> A request for an award of attorney's fees shall be pleaded as a claim in a complaint, cross-claim, third party complaint, answer, or reply as may be appropriate.

As stated above, Federal Rule of Civil Procedure 8(a) and Federal

23

Rule of Bankruptcy Procedure 7008(a) require there to be "a short and plain statement of the claim showing that the pleader is entitled to relief," which must be more than merely "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "formulaic recitations of the elements of a cause of action," as stated by the Supreme Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal*.

Courts have split on the issue of what constitutes a party having properly "pleaded as a claim in a complaint...., answer or reply" the right to attorneys' fees. This court identifies one line of cases from bankruptcy courts holding that a "claim" for attorney's fees does not need to be pleaded in the body of a complaint. *See First Nat'l Bank v. Bernhardy* (In re Bernhardy), 103 B.R. 198, 199 (Bankr. N.D. Ill. 1989) (holding, without discussing Rule 7008(b), that "[t]here is no provision in the Code or the rules that requires [a debtor] to plead a request for attorney's fees" and that if there were such a provision requiring specific pleading, a prayer for "'such other relief as is just' is sufficient"); accord, *Thorp Credit, Inc. v. Smith* (In re Smith), 54 B.R. 299, 303 (Bankr. S.D. Iowa 1985) ("[T]here [is no] good reason to hold that such pleading is required. 'Since § 523(d) clearly states that the debtor is entitled to costs and reasonable attorney's fees, the creditor is on notice that loss of his claim could result in his being assessed those fees and costs.'") (quoting *Commercial Union Ins. Co. v. Sidore* (In re Sidore), 41 B.R. 206, 209 (Bankr.W.D.N.Y.1984)).

This court applies a plain language reading of the requirements of Federal Rule of Bankruptcy Procedure 7008 (a) and

(b), and Federal Rule of Civil Procedure 8(b).[23]    To hold that a "claim" for attorneys' fees merely needs to be demanded in the prayer is in derogation of the plain language of Federal Rule of Bankruptcy Procedure 7008(b) stating that it must be pleaded as a "claim in the complaint, cross-claim, third-party complaint, answer, or reply."    Federal Rule of Civil Procedure 8(a)(2) and Federal Rule of Bankruptcy Procedure 7008(a) state the rules for pleading a claim, and the Supreme Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal* has provided clear direction for applying these rules.

The Bankruptcy Appellate Panel for the Ninth Circuit in *Charley Y., Inc. v. Carey (In re Carey)*, 446 B.R. 384 (B.A.P. 9th Cir. 2011), concluded that while the claim does not need to be pleaded as a formal separate cause of action, the claim must be sufficient to comply with Federal Rule of Civil Procedure 8(a)(2) and Federal Rule of Bankruptcy Procedure 7008(a).    *Id.*, 392-393. In concluding that a claim for attorneys' fees was sufficiently pleaded in the complaint before that court, the Bankruptcy Appellate Panel found that (1) the preamble to that complaint

---

[23]    The Supreme Court has been very clear in reading and applying the "plain language" stated by Congress in statutes. *Hartford Underwriters Insurance Company v. Union Planters Bank, N.A.*, 530 U.S. 1 (2000); *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 103 L. Ed. 2d 290, 109 S. Ct. 1026 (1989). The basic direction is that Congress says in a statute what it means and means in a statute what it says. *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 254, 117 L. Ed. 2d 391, 112 S. Ct. 1146 (1992); (quoting *Caminetti v. United States*, 242 U.S. 470, 485, 61 L. Ed. 442, 37 S. Ct. 192 (1917)); *United Savings Association of Texas v. Timbers of Inwood Forest Associates*, LTD., 484 U.S. 365, 371 (1988). This court will not presuppose that the Supreme Court or Congress, in adopting the Federal Rules of Bankruptcy Procedure, did so expecting that the inferior court would not first look to the plain language meaning of the Rule.

stated that attorneys' fees were sought; (2) Paragraph 1 of the complaint identified a note as a contractual basis for the obligation; (3) Paragraph 7 of that complaint cited to a Replacement Guarantee contractual obligation; (4) Paragraph 10 of that complaint cited to the state court complaint on the same claim and that plaintiff sought attorneys' fees with respect to that claim; (5) the first claim for relief in that complaint realleged paragraphs 1-18 of the complaint; and (6) finally, the prayer for that complaint requested judgment for damages which expressly included attorneys' fees.  The plaintiff in that case sought to enforce the contractual attorneys' fees provisions in the note and the restated guaranty.

    While Plaintiff's Complaint does not state a separate cause of action for attorneys' fees, the court finds that within the body of the Complaint grounds are stated in support of such relief.  These include the following:

    A.    Allegations that secured claim, as determined pursuant to 11 U.S.C. § 506(a), has been satisfied.

    B.    JPMorgan Chase Bank, N.A. has failed to reconvey the Second Deed of Trust and clear title to the Plaintiff's property of that void lien.

    C.    Attorneys' fees are requested pursuant to California Civil Code § 2941.

    D.    The Second Deed of Trust, ¶ 9, provides a contractual attorneys' fees provision, which is reciprocal as provided in California Civil Code § 1717.

    Though the better practice is to plead a clear "claim" which states the basis for the requested attorneys' fees, the Complaint provides the court with the minimum pleading necessary.  The elements of a "short and plain statement of the claim showing that the pleader is entitled to relief" can be cobbled together from the

Complaint.

**Amount of Attorneys' Fee**

Plaintiff seeks the recovery of $4,774.75 in attorneys' fees. The evidence in support of these fees and costs is provided by the Declaration of Peter Cianchetta, counsel for Plaintiff, and Exhibit F, a detailed billing statement documenting the fees and costs. Dckts. 24 and 26, respectively. The detailed billing statement documents the services provided, the hourly rates charged, and the time expended for each charge.

These services include the pre-adversary proceeding "due diligence" to check the county real property records to confirm that JPMorgan Chase Bank, N.A. had failed to reconvey the Second Deed of Trust. The $4,774.75 fees include the pre-filing due diligence, preparation and finalization of the Complaint, obtaining the original and a Re-Issued Summons, obtaining the entry of the default, preparing and filing the Motion for entry of default judgment, including the required supporting evidence. The requested fees do not include fees for the hearing on the Motion for Entry of Default Judgment or preparation of a proposed judgment.

The court considers whether an adjustment in the fees requested should be made in light of the court denying the relief requested under the Rosenthal Act claims, Fair Credit Reporting Act Claims, and California Constitutional Right of Privacy Claims. The detailed billing statement does not provide a breakdown of how much time and charges relate to these denied claims for relief. Plaintiff is not warranted in obtaining an award of attorneys' fees for such claims.

27

The court notes that counsel for Plaintiff has been very judicious in his billings and use of time in prosecuting this case. Clearly it is not a situation where a plaintiff's attorney saw an opportunity to excessively bill, hoping to have it slide by the court on a default judgment.  Defendant has not opposed the award of attorneys' fee or asserted that the $4,774.75 is not reasonable or proper.

Attorneys' fees in the amount of $4,774.75 for obtaining a declaratory judgment that the Second Deed of Trust is void, an award of $500.00 statutory damages for the violation of California Civil Code § 2941, obtaining the entry of the default, and prosecuting a motion for entry of default judgment and presenting the necessary evidence are reasonable.  The court awards $4,774.75 in attorneys' fees for the Plaintiff.

Plaintiff has requested an additional $113.00 costs and expenses in this Adversary Proceeding.  These are not listed on the detailed billing statement.  The Motion identifies these costs and expenses to be $33.00 in County Recorder Fees, $40.00 courier fee to obtained a certified copy of the court order, and $40.00 courier fee to record the court order.  While these costs are not described in detail, incurring $113.00 in costs in prosecuting an adversary proceeding concerning real property title issues, obtaining the entry of a default, and prosecuting the motion for entry of a default judgment is not unreasonable.

The court allows $4,774.75 in attorneys' fees and $113.00 in costs for Plaintiff to be paid by JPMorgan Chase Bank, N.A.

## CONCLUSION

The court denies the Motion and does not enter judgment on the

28

First, Second, Fourth, Fifth, and Seventh Claims for Relief.

The court grants Judgment for Plaintiff and against Defendant for the Third Cause of Action, determining that the Second Deed of Trust is void and of no force and effect; for $500.00 in statutory damages pursuant to California Civil Code § 29541(d) pursuant to the Sixth Cause of Action; and for $4,774.75 in attorneys' fees and $113.00 in costs.

The court not having entered judgment on all of the Claims for Relief, the Plaintiff shall file a motion to file an amended complaint for the First, Second, Fourth, Fifth, and Seventh Claims for Relief on or before **June 18, 2014**, if Plaintiff intends to prosecute any such claims. A copy of the proposed first amended complaint shall be filed as an exhibit with such motion.

If Plaintiff elects not to file such a motion or no such motion is filed on or before June 18, 2014, the court shall enter judgment granting relief on the Third and Sixth Claims for Relief and attorneys' fees, and dismiss without prejudice the First, Second, Fourth, Fifth, and Seventh Claims for Relief. If the Plaintiff elects to the dismissal of such claims, she may do so pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) and Federal Rule of Bankruptcy Procedure 7041 and not wait until after June 16, 2014 for the entry of the judgment. A copy of the Rule 41(a)(1)(A)(i) dismissal will be emailed to Janet Larson, courtroom deputy for Department E, by Plaintiff if it is filed with the court.

This Memorandum Opinion and Decision constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52 and Federal Rule of Bankruptcy Procedure 7052.

1  The court shall enter a separate order consistent with this Ruling.

2  Dated: June 4 , 2014

3

4  _____

   RONALD H. SARGIS, Judge

5  United States Bankruptcy Court

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Instructions to Clerk of Court
## Service List - Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below.  The Clerk of Court will send the Order via the BNC or, if checked ____, via the U.S. mail.

       **Debtor**(s), **Attorney for the Debtor**(s), **Bankruptcy Trustee** (if appointed in the case), **and** __XX____ Other Persons Specified Below:

Office of the U.S. Trustee
Robert T. Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

James Dimon, Chief Executive Officer
JPMorgan Chase Bank
1111 Polaris Parkway
Columbus, OH 43240

JPMorgan Chase Bank
c/o CT Corporation System
818 West Seventh Street
Los Angeles, CA 90017

JPMorgan Chase Bank, N.A.
c/o Bret P. Ryan, Esq.
1241 E. Dyer Road, Suite 250
Santa Ana, CA 92705